UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILELLE JOHNSON,

                Petitioner,

v.                                           9:19-CV-1223
                                                  (TJM/ATB)

COVENY, Superintendent,

                Respondent.

---

APPEARANCES:                                          OF COUNSEL:

WILELLE JOHNSON
Petitioner, pro se
99-A-0443
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Wilelle Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] On the same day, petitioner also remitted the statutory filing fee. Dkt. Entry for Petition dated 10/03/19 (indicating receipt information for filing fee transaction).

For the reasons that follow, petitioner is directed to file an affirmation addressing the issues discussed herein.

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

## II. THE PETITION

Petitioner challenges a 1999 judgment of conviction in Columbia County, upon a jury verdict, of first degree murder. Pet. at 1-2; *see also People v. Johnson*, 277 A.D.2d 702, 702-03 (3rd Dep't 2000). The Third Department unanimously affirmed the conviction and, on May 4, 2001, the New York State Court of Appeals denied leave to appeal. *Johnson*, 277 A.D.2d at 708, *lv. denied*, 96 N.Y.2d 831 (2001).

Petitioner also filed several collateral motions challenging his conviction; however, the exact dates those motions were commenced are unknown. Petitioner filed two separate writs of error coram nobis. The first resulted in the Third Department denying the motion, on November 15, 2004, and the Court of Appeals denying the appeal, on December 31, 2004. Pet. at 4; *People v. Johnson*, 4 N.Y.3d 745 (2004). The second resulted in the Court of Appeals, on March 8, 2013, denying leave to appeal from a 2012 decision from the Third Department. Pet. at 4; *People v. Johnson*, 20 N.Y.3d 1100 (2013).

Petitioner also filed a motion pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"). Pet. at 3. The 440 motion was denied by the trial court and the denial was affirmed by the Third Department sometime in 2016. *See People v. Johnson*, 28 N.Y.3d 1125 (2016). The Court of Appeals then dismissed the appeal on December 5, 2016. *Id.*

The Court also found one additional citation, indicating that there was an application in a criminal case to which petitioner was a party, and there was a Third Department decision, entered on October 19, 2018, from which the Court of Appeals denied leave to appeal on December 28, 2018. *People v. Johnson*, 32 N.Y.3d 1126 (2018). It is unclear what the nature of the application was or when it was originally filed.

2

Petitioner contends that he is entitled to federal habeas relief because both his trial and appellate counsel were ineffective. Pet. at 5. Namely, petitioner contends that his trial counsel failed to properly object to the prosecutor's questions and detective's testimony about petitioner's age and that his appellate counsel failed to argue that his trial counsel was constitutionally defective. *Id.* For a complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

3

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, as petitioner indicates in his petition, his conviction was affirmed by the Court of Appeals on May 4, 2001. *Johnson*, 96 N.Y.2d at 831. Petitioner's conviction

4

became "final" for purposes of the AEDPA ninety days later, on August 2, 2001, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until August 2, 2002, to file a timely federal habeas petition. The present petition, signed on September 22, 2019, is approximately seventeen years too late.[3]

Further, based on the present petition, it is unclear whether the statute of limitations should be statutorily or equitably tolled. Petitioner did properly file his error coram nobis and 440 motions; however, it is unclear when petitioner commenced all of these collateral challenges. The earliest orders from the Third Department and Court of Appeals are dated in 2004. If these post-conviction motions were filed prior to the expiration of the statute of limitations, statutory tolling would apply. However, even if tolling is applicable, it is still unclear whether it would be sufficient to save the present petition without more information.

Conversely, if the motions were commenced after August 2, 2002, they would have no bearing on the present analysis. An application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue.

---

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

*Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, the Court will give petitioner an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court;

and it is further;

      **ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: October 22, 2019

                                                             Thomas J. McAvoy
                                                             Senior, U.S. District Judge