UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILELLE JOHNSON,

                                    Petitioner,

        v.                                                      9:19-CV-1223
                                                                (TJM/ATB)

COVENY, Superintendent,

                                    Respondent.

_____

APPEARANCES:                                          OF COUNSEL:

WILELLE JOHNSON
Petitioner, pro se
99-A-0443
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Petitioner Wilelle Johnson filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").[1]  On the same day, petitioner also remitted the

statutory filing fee.  Dkt. Entry for Petition dated 10/03/19 (indicating receipt information for

filing fee transaction).  On October 23, 2019, this Court directed petitioner to file an

affirmation explaining why the statute of limitations should not bar his petition.  Dkt. No. 2,

Decision and Order dated 10/23/19 ("October Order").

_____

        [1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the
Court's electronic filing system.

On November 7, 2019, the Court received, and granted, petitioner's request for an extension of time in which to file the requested affirmation. Dkt. No. 3; Dkt. No. 4. Petitioner was given until December 23, 2019 to file said affirmation. Dkt. No. 4. However, instead of filing the requested affirmation, the petitioner filed a motion to stay. Dkt. No. 5.

Petitioner's motion states that he "has come across some newly discovered evidence from one of his family members [and now] . . . ask[s] the Court to please hold his habeas corpus petition in abeyance pending the filing of his CPL § 440.10 motion on the grounds of newly discovered evidence[.]" Dkt. No. 5. The substance of the letter, allegedly written by petitioner's aunt, is that someone else confessed to killing the victim and essentially framed petitioner. *Id.* However, the letter is not dated or signed and does not contain any sort of attestation clause by the alleged author, petitioner's aunt. Moreover, the letter and corresponding motion are not in the form of an affidavit, from petitioner, in compliance with the Court's October Order.

As previously stated in the October Order, the AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

An actual innocence claim will be recognized only in a "narrow class of truly

extraordinary cases [where a petitioner can] present[] credible and compelling claims of actual innocence." *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995)) (internal quotation marks omitted); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (noting that the actual innocence gateway standard is "demanding and permits review only in the extraordinary case.") (internal quotation marks omitted). "The petitioner's burden in making a gateway showing of actual innocence is deliberately demanding." *Hyman*, 927 F.3d at 656 (citing cases). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012); *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003). In addition, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327);[2] *see also Doe*, 391 F.3d at 160-62. "The standard's demand for evidence *of innocence* references factual innocence, not mere legal insufficiency." *Hyman*, 927 F.3d at 657 (internal quotation marks and citations omitted).

Before the Court will evaluate whether a stay is appropriate, petitioner must comply with the October Order. Specifically, petitioner must file an affirmation explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15)

---

[2] *Schlup* and *House* involved procedurally defaulted claims. *See McQuiggan*, 569 U.S. at 386. The Supreme Court in *McQuiggan* held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, the expiration of the statute of limitations." *Id.*

pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the Court to equitably toll the limitations period on the basis of new evidence establishing actual innocence, he must set forth facts establishing a basis for the application of equitable tolling as stated above. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay, Dkt. No. 5, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that petitioner's written affirmation is due on or before December 23, 2019; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: November 13, 2019

Thomas J. McAvoy
Senior, U.S. District Judge

4